**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL T. WEATHERS,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>S. LOUMAKIS, Corrections Officer; M. SUEY, Corrections Officer; R. ADAMS, Sergeant,<br><br>Defendants-Appellants. | No. 17-17074<br><br>D.C. No.<br>2:15-cv-00027-JAD-PAL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted November 13, 2018**
San Francisco, California

Before: THOMAS, Chief Judge, GRABER, Circuit Judge, and KOBAYASHI,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Defendant correctional officers Loumakis, Suey, and Adams appeal from the district court's denial of qualified immunity on Plaintiff Daniel Weathers' claim that Defendants violated the Eighth Amendment by making him clean overflowing sewage without giving him protective gear. Reviewing de novo, Isayeva v. Sacramento Sheriff's Dep't, 872 F.3d 938, 946 (9th Cir. 2017), we affirm.

The district court correctly held that Defendants were not entitled to qualified immunity. In his written statement and his deposition testimony, Plaintiff stated that Defendants twice made him spend hours cleaning the sewage overflow from a cell's malfunctioning toilet without giving him any protective clothing or gear, aside from a pair of latex gloves. While wearing open-toed sandals, Plaintiff waded through water full of feces, blood, and vomit, and he was splashed with the dirty water when he had to scoop feces into a bucket using a dustpan. Meanwhile, Defendants (wearing rubber "duty boots") watched from a safe distance to avoid coming into contact with the contaminated water. Viewing the record in the light most favorable to Plaintiff, Isayeva, 872 F.3d at 946, Defendants deprived him of "the minimal civilized measure of life's necessities" by making him clean sewage without adequate protective gear, and they did so knowing of the obvious risk to his safety from coming into contact with feces and other human byproducts,

Grenning v. Miller-Stout, 739 F.3d 1235, 1238 (9th Cir. 2014) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)).

Plaintiff's right to be free from such conditions while imprisoned was clearly established by 2013. The Supreme Court "does not require a case directly on point," Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018) (per curiam), and officials can have "notice that their conduct violates established law even in novel factual circumstances," Hope v. Pelzer, 536 U.S. 730, 741 (2002). We have never squarely confronted a case with facts precisely like these, but we made it clear decades ago that the Eighth Amendment prohibits depriving inmates of "basic elements of hygiene" by making them endure prolonged exposure to "unsanitary conditions such as standing water" and "flooded toilets." Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985). Having to spend hours wading through water filled with human waste—while wearing open-toed sandals—constitutes a severe, and thus unconstitutional, "lack of sanitation." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995).

**AFFIRMED.**